DAVID A. BODURTHA *vs.* CYRUS PHELON.

Under a declaration alleging that the defendant warranted a horse to be perfectly gentle, whereas in fact he was ungentle, the plaintiff cannot recover damages on the ground that he was not well broke, or trained so as to be suitable to be used to plough out corn and potatoes, and rake hay, although the jury may think that the warranty was intended to cover these particulars.

CONTRACT on the warranty of a horse. At the trial in the superior court, before *Brigham,* J., a verdict was returned for the plaintiff, and the defendant alleged exceptions. The facts and rulings sufficiently appear in the opinion.

*W. G. Bates & J. Wells,* for the defendant, cited *Bridge* v. *Austin,* 4 Mass. 115; *Colt* v. *Root,* 17 Mass. 229; *Goulding* v. *Skinner,* 1 Pick. 162; *Hastings* v. *Lovering,* 2 Pick. 214.

*E. B. Gillett & H. Fuller,* for the plaintiff, cited *Tuttle* v. *Brown,* 4 Gray, 457.

HOAR, J. A distinction which does not seem to have been sufficiently regarded by the judge who tried this cause, in his instructions to the jury, will entitle the defendant to a new trial. That distinction is, that while parties to an oral agreement may use such language as they please in making their bargain, and may show what was the real intent and effect of the contract as understood between them, even if they have used words in a peculiar sense, and somewhat incorrectly, yet they cannot give a conventional meaning to the language of the declaration in an action at law.

The declaration in this case alleges that the defendant warranted a horse to be " sound every way and perfectly gentle," whereas he was in fact " unsound and ungentle." The defendant asked that the jury should be instructed that " under this declaration, the plaintiff cannot prevail by proving a warranty that the horse was well broke, nor recover damages for his want of being well broke, nor on the ground that he was not so trained as to be suitable to be used to plough out corn and potatoes or rake hay, if the colt was in fact gentle in his temper and disposition." These instructions were refused. We think

that a part of them should have been given. It may perhaps be true that proof of a warranty that a horse was " well broke " might include a warranty that he was " gentle," as the greater includes the less. But a declaration that a horse was warranted gentle, and that he proved to be otherwise, is not supported by proof that he was not so trained as to be suited to a particular kind of work. The word " gentle " does not, in its ordinary or legal sense, import that the horse has received any particular training or teaching, but only that he is docile, tractable and quiet. He may be perfectly submissive and obedient, and yet not have been taught what to do, or how to do it, when set to plough out corn or potatoes, or to rake hay. He might never have learned to keep a straight course in the field, or to keep between the rows. If the language used by the defendant, at the time the bargain was made, was such as to indicate that he meant to warrant the horse to have received any special training or instruction, the plaintiff should have made a corresponding averment in his declaration, and then the instructions which the court gave would have been entirely correct. The jury had the right " to consider the meaning or sense in which any term was used by the parties, as relating to the colt's qualities or qualifications, and to adopt that sense for the purpose of determining what was warranted, and wherein the-warranty failed; " but with this qualification, that the warranty and the breach of it, thus found, must be properly set forth in the plaintiff's statement of his cause of action. This important qualification, which the defendant had in substance requested, was not given. In other respects the instructions seem to have been appropriate.

*Exceptions sustained.*